IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SOYOKO HEBERT, by and through her ) 
duly appointed co-guardians, )
ANTHONY HEBERT and ALICE KING, )
)
          Plaintiff, )
)
v. )   Case No. CIV-24-73-PRW
)
BROOKDALE SENIOR LIVING, INC., )
and/or BROOKDALE SENIOR LIVING )
COMMUNITIES, INC., )
CFB ENTERPRISES, INC., and )
GCL ENTERPRISES, LLC, )
)
          Defendants. )

## ORDER

Before the Court are Plaintiff's Motion to Remand (Dkt. 22) and Defendant Brookdale Senior Living, Inc. and/or Brookdale Senior Living Communities, Inc.'s ("Brookdale") Response (Dkt. 23). For the reasons set forth below, Plaintiff's Motion (Dkt. 22) is **DENIED**.

### *Background*

This case arises out of a slip and fall incident. Plaintiff filed this case on October 23, 2023, in the District Court of Oklahoma County, Oklahoma, asserting claims against Defendants CFB Enterprises, Inc. and CGL Enterprises, LLC (Dkt. 1-2). CFB Enterprises removed the case to this Court on January 19, 2024, on the basis of diversity jurisdiction (Dkt. 1). After removal, Plaintiff filed an Amended Complaint (Dkt. 13), adding Brookdale

1

Case 5:24-cv-00073-PRW    Document 26    Filed 03/26/25    Page 2 of 4

as a defendant. Plaintiff then filed a Stipulation of Dismissal of CFB Enterprises, Inc. (Dkt. 21). Plaintiff now seeks to remand this case back to the District Court of Oklahoma County.

## *Legal Standard*

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving such jurisdiction exists.[1] A defendant may remove a civil action to a federal court if the federal court has original jurisdiction over the action.[2] When removing on the basis of diversity jurisdiction—as is the case here—the removing party must establish by a preponderance of the evidence that the court's exercise of diversity jurisdiction is proper.[3] Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires that "the citizenship of each plaintiff is diverse from the citizenship of each defendant,"[4] and that the amount in controversy exceeds $75,000.[5] "Removal statues are to be strictly construed" and all doubts generally must be resolved against removal.[6] After removal, if "the plaintiff seeks to join additional defendants whose joinder would destroy

---

[1] *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 946–47 (10th Cir. 2014).

[2] 28 U.S.C. § 1441(a).

[3] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Mid–Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871, 873 (10th Cir.1940)).

[4] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

[5] 28 U.S.C. § 1332(a).

[6] *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[7]

## *Discussion*

Diversity jurisdiction existed at the time this case was removed to federal court because the amount in controversy exceeded $75,000, and Plaintiff, an Oklahoma citizen, was diverse from both CFB Enterprises, Inc. and GCL Enterprises, LLC, Texas citizens.[8] Plaintiff argues in her Motion to Remand, however, that the addition of Defendant Brookdale in the Amended Complaint destroyed diversity jurisdiction because both Plaintiff and Brookdale are citizens of Oklahoma. Plaintiff asserts that Brookdale is a citizen of Oklahoma because it (1) has a "'brick and mortar' facility located in the State of Oklahoma" and (2) has a service agent located in Oklahoma.[9]

Because Brookdale is a corporation, its citizenship is determined by its state of incorporation and its principal place of business.[10] A corporation's principal place of business "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities," often dubbed the "nerve center."[11] Brookdale has shown that it is a corporation incorporated in the state of Delaware,[12] and has provided a sworn

---

[7] 28 U.S.C. § 1447(e).

[8] Notice of Removal (Dkt. 1), ¶¶ 7, 8, 9, 10; Brookdale's Resp. to Ct.'s Order to Show Cause (Dkt. 25), at 3 (clarifying the citizenship of GCL Enterprises, LLC).

[9] Pl.'s Mot. to Remand (Dkt. 22), at 2.

[10] 28 U.S.C. § 1332(c)(1).

[11] *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

[12] Brookdale's Certificate of Incorporation (Dkt. 23-1).

affidavit of Krista Cannon, its Director of Tax, demonstrating that its principal place of business is in Brentwood, Tennessee.[13] Plaintiff does not contest this evidence, and Plaintiff's allegations that Brookdale has a brick-and-mortar building in Oklahoma and a service agent in Oklahoma have no bearing on the inquiry.[14] Thus, Brookdale has shown by a preponderance of the evidence that it is a citizen of Delaware and Tennessee. Because Brookdale is a citizen of Delaware and Tennessee, and Plaintiff is a citizen of Oklahoma, Brookdale's participation in this lawsuit does not destroy diversity jurisdiction as there is complete diversity between the parties.

## *Conclusion*

For the reasons given above, Plaintiff's Motion to Remand (Dkt. 22) is **DENIED**.

**IT IS SO ORDERED** this 26th day of March 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[13] Decl. of Krista Cannon (Dkt. 23-2), at ¶ 4.

[14] *See Hertz*, 559 U.S. at 90, 93–95 (rejecting the "business activities" approach and adopting the "nerve center" test) ("[B]ecause corporations come in many different forms, involve many different kinds of business activities, and locate offices and plants for different reasons in different ways in different regions, a general 'business activities' approach has proved unusually difficult to apply."); *see also Green v. Aramark Food & Support Servs. Grp., Inc.*, No. 15-24599-CIV-MORENO, 2016 WL 7508245, at *1 (S.D. Fla. Feb. 9, 2016) (concluding that the location of corporation's registered agent does not impact its citizenship); *Tremble v. Liberty Mut. Ins. Co.*, No. CV 106-192, 2007 WL 1582759, at *2 (S.D. Ga. May 30, 2007) ("[H]aving a registered agent in a state has little bearing on the existence of subject matter jurisdiction.").